J-S34032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY V. JONES | |
| Appellant | No. 1762 WDA 2013 |

Appeal from the PCRA Order September 17, 2013
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000178-2011;
CP-42-CR-0000179-2011; CP-42-CR-0000180-2001

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED AUGUST 12, 2014**

Appellant, Jeffrey V. Jones, appeals *pro se* from the order entered in the McKean County Court of Common Pleas, granting in part and dismissing in part his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On March 5, 2012, Appellant entered a negotiated guilty plea to two (2) counts of delivery of a controlled substance and one (1) count of simple possession.  On May 25, 2012, the court sentenced Appellant to an aggregate term of eighteen (18) to thirty-six (36) months' imprisonment.

_____

[1] 42 Pa. C.S.A. §§ 9541-9546.

Appellant did not file a direct appeal from his judgment of sentence. On August 8, 2012, the Department of Corrections sent a letter to the trial court, requesting the judge to clarify whether the McKean County sentence was concurrent with or consecutive to a sentence Appellant previously received in Potter County. On August 21, 2012, the trial court issued an amended sentencing order which stated the McKean County sentence was to run consecutive to all other sentences Appellant was serving.

On October 22, 2012, Appellant timely filed a *pro se* PCRA petition. Appellant filed an amended petition on January 7, 2013. On June 28, 2013, the court appointed counsel for Appellant. The court scheduled an evidentiary hearing for August 6, 2013. At the hearing, PCRA counsel indicated that after speaking with Appellant, they decided a hearing was not necessary and requested to submit a brief solely on the issue of the legality of the trial court's amended sentencing order. PCRA counsel specifically stated that Appellant was forgoing any claim that plea counsel was ineffective. PCRA counsel filed a brief in support of Appellant's *pro se* amended PCRA petition on August 26, 2013. On September 17, 2013, the court entered an order granting Appellant's request to vacate the amended sentencing order, but denying relief with respect to Appellant's claim that in the absence of a statement to the contrary on the original sentencing order, the McKean County and Potter County sentences were presumed to run concurrently. The court found the sentences were presumed to run

consecutively and did not modify Appellant's sentence.

Appellant subsequently wrote a letter to PCRA counsel asking him to withdraw from the case. PCRA counsel filed a motion to withdraw on October 4, 2013. On October 7, 2013, Appellant, acting *pro se*, filed a timely notice of appeal, a voluntary Pa.R.A.P. 1925(b) statement, and a petition to proceed *in forma pauperis* ("IFP"). The court granted PCRA counsel's motion to withdraw the following day. This Court granted Appellant's petition to proceed IFP on October 30, 2013.

Appellant raises the following issues for our review, reproduced almost verbatim from his brief:

> WHETHER [APPELLANT]…HAS A FEDERAL CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF FIRST POST CONVICTION COUNSEL SPECIFICALLY WITH RESPECT TO HIS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIM.
>
> INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT PLEA BARGAIN OFFERS TO GIVE [APPELLANT] GOOD ADVICE AND TO INFORM ON WHETHER TO ACCEPT A PLEA BARGAIN, AT ALL STAGES OF PROSECUTION, AND AT SENTENCING STAGES, TRIAL COUNSEL'S FAILURES TO [APPELLANT] IN THIS CASE. "AT ALL CRITICAL STAGES" IN THE PLEA BARGAINING STAGES.

(Appellant's Brief at 4).

As a prefatory matter, Appellant's current *pro se* status presents a question of whether Appellant was effectively deprived of his right to counsel on this appeal. Pennsylvania Rule of Criminal Procedure 904 states:

**Rule 904.  Entry of Appearance and Appointment of Counsel; *In Forma Pauperis***

\* \* \*

(C)    Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

\* \* \*

(E)    The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.

(F)    When counsel is appointed,

\* \* \*

(2)    the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.

(G)    When a defendant satisfies the judge that the defendant is unable to pay the costs of the post-conviction collateral proceedings, the judge shall order that the defendant be permitted to proceed *in forma pauperis*.

Pa.R.Crim.P. 904(C)-(G).  An indigent defendant is entitled to representation by counsel on a first petition filed under the PCRA.  ***Commonwealth v. Evans***, 866 A.2d 442 (Pa.Super. 2005); Pa.R.Crim.P. 904(C).

> While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a prisoner's first petition for post conviction relief.  Pursuant to our procedural rules, not only does a PCRA petitioner have the "right" to counsel, but also he…has the "right" to effective assistance of counsel.  The guidance and representation of an attorney during collateral review should assure that

meritorious legal issues are recognized and addressed, and that meritless claims are foregone.

*Commonwealth v. Haag*, 570 Pa. 289, 307-08, 809 A.2d 271, 282-83 (2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003) (internal citations and most quotations marks omitted).

This rule-based right to counsel and to effective assistance of counsel extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition. *Commonwealth v. White*, 871 A.2d 1291 (Pa.Super. 2005); Pa.R.Crim.P. 904(F)(2). Rule 904 does not require the petitioner/appellant to request appointment of counsel. *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa.Super. 2000).

Moreover:

> Once counsel has entered an appearance on a [petitioner's] behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance.
>
> *        *        *
>
> [W]hen presented with a scenario where an indigent petitioner files a *pro se* appeal from a first PCRA petition, the PCRA court should take one of two actions: the PCRA court should either promptly notify counsel of record that his client has taken an appeal and that counsel remains obligated to represent him, or the PCRA court should appoint new counsel to represent the [petitioner] on appeal. This action would alleviate the need of this [C]ourt to remand cases back to the PCRA court and would further expedite the appeals process.

*Commonwealth v. Brown*, 836 A.2d 997, 999 (Pa.Super. 2003) (internal citations and footnote omitted). Finally: "When a waiver of the right to

- 5 -

counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." ***Commonwealth v. Grazier***, 552 Pa. 9, 12-13, 713 A.2d 81, 82 (1998). ***See also Commonwealth v. Robinson***, 970 A.2d 455 (Pa.Super. 2009) (*en banc*) (setting standard to require ***Grazier*** colloquy, before petitioner surrenders significant rule-based right to counsel in PCRA cases).

Instantly, after Appellant filed his amended *pro se* first PCRA petition, the court appointed counsel. Following a hearing, the court issued an order granting in part and dismissing in part Appellant's PCRA petition. Appellant subsequently sent PCRA counsel a letter asking him to withdraw from the case. On the basis of that letter, PCRA counsel filed a motion to withdraw on October 4, 2013. Appellant filed a *pro se* notice of appeal on October 7, 2013. The following day, the court granted PCRA counsel's motion to withdraw, but it did not appoint new counsel to represent Appellant on appeal. Appellant has not filed an application with this Court to proceed *pro se*, and the record establishes his indigent status. There is no indication in the certified record that the court conducted a hearing to determine if Appellant knowingly, intelligently, and voluntarily waived his right to counsel. Thus, the record fails to tell us the foundation of Appellant's *pro se* status on appeal. ***See Grazier, supra***; ***White, supra***.

Moreover, in his *pro se* brief, Appellant complains of PCRA counsel's ineffectiveness and asserts his right to effective assistance of counsel throughout the post-conviction proceedings, including on appeal. Appellant explicitly states this appeal "is in violation of **Commonwealth v. Grazier**" and that he is "[e]ntitled to have an attorney to handle this first timely filed PCRA [petition] all through the appeal courts of Pennsylvania." (Appellant's Brief at 17, 21).

Therefore, absent evidence from a **Grazier** hearing, the best resolution of this case is to vacate the PCRA court's order and remand the case for further proceedings. Upon remand, the court must conduct a full, on-the-record, **Grazier** hearing to determine if Appellant wants to proceed *pro se* and can demonstrate a valid waiver of counsel. If Appellant does not want to proceed *pro se* or fails to demonstrate a valid waiver of counsel, the court must appoint new counsel to assist Appellant.[2] Alternatively, if the court is convinced Appellant wants to proceed *pro se* and has validly waived his right to counsel, the court can reinstate its order granting in part and

_____

[2] In the event that new counsel is appointed, the court should direct new counsel to review Appellant's PCRA petition and determine if it is necessary to file an amended petition, particularly in light of Appellant's argument on appeal that PCRA counsel was ineffective. Claims of ineffective assistance of PCRA counsel may not be raised for the first time on appeal. **Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032, 1044 n. 14 (2011); **Commonwealth v. Hill**, 609 Pa. 410, 16 A.3d 484, 497 n. 17 (2011); **Commonwealth v. Colavita**, 606 Pa. 1, 993 A.2d 874, 894 n. 12 (2010); **Commonwealth v. Pitts**, 603 Pa. 1, 981 A.2d 875 (2009); **Commonwealth v. Henkel**, 90 A.3d 16 (Pa.Super. 2014).

denying in part PCRA relief; and Appellant can file a notice of appeal. Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2014