COMMONWEALTH of Pennsylvania,

v.

Kenneth Antonio WHITE, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 22, 2004.

Filed April 4, 2005.

Kenneth A. White, appellant, Pro Se.

Nancy Vernon, Asst. Dist. Atty., Uniontown, for Com., appellee.

BEFORE: PANELLA, BECK, and JOHNSON, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Kenneth Antonio White, appeals *pro se* from the order dated March 21, 2003, by the Honorable Gerald R. Solomon, Court of Common Pleas of Fayette County, which denied his petition filed pur-

suant to the Post–Conviction Relief Act.[1] Following a jury trial, White was convicted of two counts of aggravated assault[2] and one count of reckless endangerment.[3] We find, after careful review, that White is entitled to counsel as required under the PCRA and settled case law. Accordingly, we do not reach the merits of his numerous, oftentimes repetitive and rambling, arguments. Instead, we remand for the provision of counsel and the filing of a counseled brief.

¶ 2 The events leading up to White's conviction were previously set forth by the trial court as follows:

In the early morning hours of June 2, 2000, security guards, Craig Mattie and James Stanley, who were working security at the Lemonwood Acres Housing Project in Uniontown, Pennsylvania, heard an argument taking place near one of the housing units and proceeded to investigate the matter. ({N.T. Trial, 4/2–3/01}, at p. 16). Upon arriving at the scene, the two guards saw a large group of people crowded together in a circle, with {White} standing in the center of the circle. *Id.*, at p. 17. The crowd, including {White}, dispersed when Mattie and Stanley arrived. *Id.*, at p. 19.

A short time later, Mattie and Stanley again noticed a crowd gathering in a different section of Lemonwood Acres. Mattie and Stanley then each drove their own vehicles to the place where the crowd was gathered. *Id.*, at p. 20. As Mattie exited his vehicle, he heard a gunshot. *Id.*, at p. 21. After taking cover behind his vehicle, Mattie observed {White} standing on a lawn, holding a shotgun. *Id.*, at p. 22. Mattie, who was familiar with {White}, then

yelled out to him: "Kenny, drop your weapon." *Id.*, at p. 23. Mattie testified that he was certain that the actor was {White}, who was also known to him as "K-rock", and that he could see the tattoo on his back that said "K-rock", since {White} was shirtless.

After Mattie twice more demanded that {White} drop his weapon, {White} then fled the scene on foot and Mattie and Stanley called 911.

Thereafter, Trooper Adrian James Lapaglia of the Pennsylvania State Police reported to the scene of the incident. *Id.*, at p. 28. As Mattie and Stanley were reporting their account of the incident to Trooper Lapaglia, Mattie observed {White} exiting an apartment with two unidentified females and heading for a parked minivan. *Id.*, at p. 31. Trooper Lapaglia then went to the minivan and arrested {White}.

(Trial Court Opinion, 6/14/01, at 1–3).

¶ 3 Upon conviction, White was sentenced to a minimum of seven and one-half years to a maximum of twenty years incarceration on the first count of aggravated assault, and no further penalty for the remaining convictions. Following a direct appeal, the Superior Court affirmed the judgment of sentence in an unpublished opinion, *See Commonwealth v. White*, No. 801 WDA 2001, 797 A.2d 377 (Pa.Super. January 1, 2002).

¶ 4 Thereafter, on July 17, 2002, White filed a *pro se* petition under the PCRA. Although the trial court initially appointed counsel to represent White, the appointment was vacated when the court was notified that White had privately retained Attorney Mark Morrison. Morrison filed an amended petition on September 30,

---

**1.** 42 Pa.Con.Stat.Ann. §§ 9541–9546.

**2.** 18 Pa.Con.Stat.Ann. §§ 2702(a)(1) & (a)(4).

**3.** 18 Pa.Con.Stat.Ann. § 2705.

2002, however, he did not file an entry of appearance until October 4, 2002. In the amended petition, White raised ineffectiveness claims against trial counsel as well as counsel on direct appeal. A hearing was held before the PCRA court on November 1, 2002. The lower court issued an opinion and order denying relief on March 21, 2003.

¶ 5 Although the PCRA court had forwarded the March 21, 2003 decision to Attorney Morrison, White, by way of a motion filed on January 5, 2004, complained that he had not been served with a copy of the order. Therefore, on January 31, 2004, out of caution to preserve White's appellate rights, the lower court ordered that White was to be personally served with the aforesaid order and opinion, and that White's appeal rights were reinstated *nunc pro tunc.*

■ ¶ 6 White filed a timely appeal, *pro se,* on February 17, 2004. There is no order in the certified record granting Attorney Morrison permission to withdraw his appearance, nor is there a docket entry exhibiting a withdrawal of appearance. What does appear in the record in a *pro se* request by White, filed on February 17, 2004, for the appointment of counsel to render assistance in the appeal. In the "PRO–SE REQUEST FOR ASSIGNMENT OF COUNSEL PURSUANT TO RULE 904(D)", White alleged the following, supported by an attached verification:

1) That I am a Pauper as defined by Law;

2) That I am unable to pay the fees in order to obtain counsel to represent me on appeal to the Superior Court from the Order denying request for P.C.R.A. relief;

3) That I wish to raise Ineffective Assistance of P.C.R.A. counsel, for not properly raising Ineffective assistance of Prior Counsel issues and not competently, thoroughly, diligently, and zealously doing his job as privately retained Counsel;

4) That I am unable to obtain further funds to employ counsel to represent me on appeal to the Superior Court, nor from any Family member(s), or friend(s).

5) That I have no stocks, bonds, mutuals, bank accounts, own no real estate, assets, or property of any value;

6) That I am unemployed and confined in a State Correctional Institution;

7) That Rule 904(d) indicates that I am entitled to the appointment of counsel to represent me on appeal.

Certified Record, 6–1–04, at No. 37. On April 8, 2004, without providing any explanation, the lower court denied the request for assignment of counsel.[4]

¶ 7 As aforesaid, it does not appear that Attorney Morrison has done anything on behalf of White since the PCRA hearing held on November 1, 2002. In order to protect his own interests, White filed the present appeal *pro se* and submitted a brief in his own behalf. Attorney Morrison never filed an appeal on White's behalf, nor an appearance in this Court, and apparently is now the subject of ineffectiveness claims raised by White with respect to his failure to process the instant appeal.

■ ¶ 8 White's right to counsel in this appeal has been stated many times by this Court:

The Pennsylvania Rules of Criminal Procedure and our caselaw make clear that an indigent petitioner is entitled to

4. White had been granted permission to proceed *in forma pauperis* on April 18, 2001, in relation to his direct appeal. There is no order of record revoking the IFP status.

representation by counsel for a first petition filed under the PCRA. *Commonwealth v. Hampton*, 718 A.2d 1250 (Pa.Super.1998). This right to representation exists "throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief." Pa.R.Crim.P. 1504(d). It is equally clear that once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance. *Commonwealth v. Keys*, 397 Pa.Super. 453, 580 A.2d 386 (1990).

*Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa.Super.1999). As stated by the Honorable Justin M. Johnson in the recent case of *Commonwealth v. Evans*, 866 A.2d 442, 2005 Pa.Super. 9, Rule 904, formerly Pa. R.Crim.P. 1504, makes the appointment of counsel mandatory in cases in which a defendant has filed a PCRA petition for the first time and is unable to afford counsel or otherwise procure counsel. Unless a record is made which contradicts the averments of White's verified request for the appointment of counsel, he is entitled to representation in this appeal. Inasmuch as White has not been afforded counsel, and no reason appears of record to justify the denial of appointed counsel, we are obligated to remand the present case back to the PCRA court so that White can have the benefit of a counseled appeal. Upon remand the PCRA court may either direct White's PCRA counsel to resume his stewardship of White's appeal[5] or new counsel may be appointed should White be adjudged indigent.

¶ 9 Lastly, in order to avoid delays in other cases, we remind the PCRA court of the procedure for first time indigent petitioners in PCRA matters as stated in *Commonwealth v. Brown*, 836 A.2d 997, 999 (Pa.Super.2003) and *Commonwealth v. Quail*, 729 A.2d at 573.

¶ 10 Case remanded for provision of counsel and the filing of an appellate brief within ninety (90) days. Panel jurisdiction retained.

---

**5.** It seem unlikely that Attorney Morrison can resume representation of White in light of the accusations of ineffectiveness argued by White in his *pro se* appellate brief, however, this is an issue to be resolved by the PCRA court. We are entitled to an explanation, at the least, as to the reasons why Attorney Morrison did not process the appeal or request permission to withdraw his appearance.