J-S53011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUAN JOSE PEREZ, | : | |
| | : | |
| Appellant | : | No. 134 MDA 2015 |

Appeal from the Order entered December 19, 2014,
Court of Common Pleas, Schuylkill County,
Criminal Division at No. CP-54-CR-0001391-2012

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 28, 2015**

In this appeal, Juan Jose Perez ("Perez") challenges the dismissal and denial of his petition filed pursuant to Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546.  Following our review, we affirm.

On April 7, 2012, a shooting occurred in Shenandoah, Schuylkill County.  The next day, an arrest warrant for Perez was issued in connection with the shooting.  On June 21, 2012, the police arrested Perez.  In the course of doing so, Perez attempted to flee.  This led to charges of escape, resisting arrest and flight to avoid prosecution.

All charges related to the April 7, 2012 shooting were eventually dropped, but Perez was convicted of all charges related to his attempt to flee.  The trial court sentenced him to seven to seventeen months of incarceration on the flight to avoid prosecution conviction and a concurrent

term of nine to twenty-four months on the resisting arrest conviction. This Court affirmed his judgment of sentence in June 2014. Perez filed a pro se PCRA petition raising two issues on August 11, 2014. On August 13, 2014, the PCRA court issued a rule on the Commonwealth to show cause why a hearing should not be granted. The PCRA court also granted Perez in forma pauperis status and "noted that [Perez] has not requested the appointment of counsel and has proceeded pro se." PCRA Court Order, 8/131/4. Perez subsequently petitioned for the appointment of counsel, and the PCRA court granted his request on September 3, 2014. Just four days later, the PCRA court issued notice of its intent to dismiss Perez's PCRA petition pursuant to Pa.R.Crim.P. 907. After receiving two extensions of time in which to file, PCRA counsel filed a response to the Rule 907 notice and raised three additional issues on Perez's behalf. On December 19, 2014, the PCRA court denied and dismissed Perez's petition.

This timely appeal follows, in which Perez raises the following two issues for our review:

> 1. Whether the defective warrant used to arrest [Perez] invalidated the entire case against [Perez]?
>
> 2. Whether [Perez] was denied his right to counsel?

Perez's Brief at 5. As we consider these issues, we are mindful that

> [when] conducting review of a PCRA matter, we consider the record "in the light most favorable to the prevailing party at the PCRA level."

> ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc). Our review is limited to the evidence of record and the factual findings of the PCRA court. ***Id.*** This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." ***Id.*** Thus, when a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. ***Id.*** Of course, if the issue pertains to a question of law, "our standard of review is de novo and our scope of review is plenary." ***Id.***

***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015).

Perez first argues that his trial counsel was ineffective for failing to challenge the validity of the arrest warrant that the police were executing when Perez attempted to flee. To prove ineffective assistance of counsel, an appellant must show (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis designed to effectuate the appellant's interests for the act or omission in question; and (3) that counsel's ineffectiveness actually prejudiced the appellant. ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa. Super. 2007). The failure to meet any prong of this test requires that the claim be dismissed. ***Id.***

Perez argues that "had [trial counsel] attempted to challenge the validity of the arrest warrant, the challenge … would have been successful and the warrant would have been found to be invalid, and therefore, the entire prosecution of the instant case would have been the fruit of the poisonous tree." Perez's Brief at 11. The only basis Perez identifies for invalidating the warrant is the fact that "the charges for which this warrant

were [sic] issued were ultimately dismissed." *Id.*[1] The PCRA court rejected this argument upon concluding that Perez "has not pled nor alleged nor averred any facts showing that the warrant … was not based on probable cause. … [S]imply asserting that the charges under the warrant were ultimately dismissed does not in any way attack the probable cause basis presented to the issuing authority for the issuance of the warrant." PCRA Court Opinion, 9/10/14, at 3.

We can find no error with this determination. As noted by the PCRA court, Pennsylvania Rule of Criminal Procedure 513(B) governs the issuance of arrest warrants. It provides that "[n]o arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits." Pa.R.Crim.P. 513(B)(2). Perez does not challenge the content of the supporting affidavit or otherwise make any allegation contesting the magistrate's finding of probable cause. Accordingly, he has failed to prove

---

[1] We note that Perez also states that the warrant was invalid because the issuing authority placed the incorrect date next to his signature. Perez's Brief at 11. Perez did not raise this claim as a basis for invalidating the warrant at any time before the PCRA court, and he cannot raise it now for the first time on appeal. *See Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008). This aspect of his argument is not properly before us.

that there is merit to the claim underlying his assertion of ineffective assistance of counsel, and so he has failed to meet his burden.

Next, Perez argues that "he was denied his Constitutional right to counsel" in a "crucial stage" of the PCRA proceedings. Perez's Brief at 12. Perez makes this claim without citation to, much less discussion of, any relevant authority; indeed, his "argument" on this issue is a single paragraph. The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119(a). It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. 1997). Further, this Court will not become the counsel for an appellant and develop arguments on an appellant's behalf. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006). It was Perez's responsibility to provide an adequately developed argument providing citation to and discussion of relevant authority. Because he has failed to do so, we find this issue waived.

Even if we were not to find this issue waived, we would find that it affords Perez no relief. First, contrary to Perez's assertion, there is no constitutional right to counsel in PCRA proceedings; rather, as this Court has explained, it is "pursuant to the rules of criminal procedure and interpretive case law[] [that] a criminal defendant has a right to representation of

- 5 -

counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (citing Pa.R.Crim.P. 904(c); **Commonwealth v. White**, 871 A.2d 1291, 1294–95 (Pa. Super .2005); **Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa. Super. 1999)).

Further, the record in the present case reveals that although the PCRA court did not immediately appoint counsel for Perez, it did appoint counsel and grant two lengthy extensions of time for PCRA counsel to file a response to its Rule 907 notice. In this response, PCRA counsel not only addressed the two issues that Perez raised in his pro se PCRA petition, but also raised three additional issues on his behalf. **See** Response of Petitioner to the Court's Rule 907 Notice, 11/21/14, at 6-7. Thus, although the PCRA should have automatically appointed counsel upon its finding that Perez was indigent, **see Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001), it did eventually appoint counsel. That counsel dutifully executed her duties, as she reviewed the record, responded to the PCRA court's belief that Perez's claims lacked merit (thereby refining the arguments that Perez articulated in his pro se petition), and raised three additional issues on Perez's behalf. Thus, we would not hesitate to conclude that Perez was afforded, and enjoyed, his right to counsel for purposes of litigating his first PCRA petition. **Cf. Commonwealth v. Hampton**, 718 A.2d 1250, 1253 (Pa. Super. 1998) (finding proceedings effectively

uncounseled and in violation of the representation requirement "when appointed counsel fails to amend an inarticulately drafted pro se [PCRA] petition, or fails otherwise to participate meaningfully[.]").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015