J-S04002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT ALLEN CHAMBERLAIN, | |
| Appellant | No. 1124 WDA 2014 |

Appeal from the PCRA Order June 17, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000039-2011

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT ALLEN CHAMBERLAIN, | |
| Appellant | No. 1125 WDA 2014 |

Appeal from the PCRA Order June 16, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001556-2010

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Scott Allen Chamberlain appeals from a PCRA order denying him PCRA relief at two separate actions.  We remand with directions.

At criminal case 1556 of 2010, Appellant was convicted by a jury on September 15, 2011, of six counts of persons not to possess a firearm, after

_____

* Retired Senior Judge assigned to the Superior Court.

he was found in possession of a shotgun, four rifles, including two semi-automatic rifles, and a revolver. At action number 39-2011, Appellant was charged with one count of persons not to possess a firearm and various offenses relating to his operation of a laboratory to manufacture methamphetamine. At 39-2011, the weapons offense was severed from the drug charges, and a jury convicted Appellant of possession of a weapon by a person not to possess on July 20, 2011. On September 29, 2011, Appellant was sentenced on the seven weapons offenses in the two cases to five to ten years imprisonment.

In action 39-2011, on October 31, 2011, Appellant pled guilty to three pending drug charges: possession with intent to deliver a controlled substance (methamphetamine), manufacture of methamphetamine with a child present, and operating a methamphetamine laboratory. That same day, he received a sentence of five to ten years imprisonment, which was imposed consecutively to the sentence imposed on September 29, 2011.

Appellant did not file a direct appeal at either action. Trial counsel filed a timely PCRA petition at 39-2011 on September 28, 2012. On July 22, 2013, an untimely PCRA petition was filed at 1556 of 2010. Paul M. Puskar, Esquire, was appointed as counsel for Appellant. The PCRA court held hearings in connection with both cases on January 17, 2014, and June 12, 2014. On June 17, 2014, the trial court denied PCRA relief, concluding that Appellant was not entitled to relief on his timely PCRA petition filed at 39-

2011 and that the petition filed at 1556 of 2010 was untimely. Mr. Puskar filed the present appeal from the denial of PCRA relief, but has failed to file either a brief with this court or a petition to withdraw. Appellant filed a *pro se* brief. We remand, with directions.

As this Court has iterated on numerous occasions, "The Pennsylvania Rules of Criminal Procedure and our caselaw make clear that an indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. **Commonwealth v. White**, 871 A.2d 1291, 1293-94 (Pa.Super. 2005). Significantly, the right to representation by counsel attaches "throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief." **Id**. at 1294 (quoting Pa.R.Crim.P. 1504(d) (now Pa.R.Crim.P. 904(f)(2)). Therefore, "once counsel has entered an appearance on a defendant's behalf, he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." **White**, **supra** at 129.

Our decision in **Commonwealth v. Quail**, 729 A.2d 571 (Pa.Super. 1999), is dispositive. Therein, the PCRA court appointed counsel to represent defendant for his first PCRA petition. After a hearing, the PCRA court denied relief. Quail filed a *pro se* appeal, but appointed counsel filed neither a brief with this Court nor a petition to withdraw his appearance. We held:

Inasmuch as appellant has not been afforded counsel in the present appeal yet is entitled to representation we are obligated to remand the present case back to the PCRA court so that appellant can have the benefit of a counseled appeal. Upon remand the PCRA court may either direct [the defendant's] PCRA counsel to resume his stewardship of [the defendant's] appeal or new counsel may be appointed.

*Id*. at 573.

Based upon the foregoing authority, we must remand the present case so that Appellant can have the benefit of a counseled appeal. **White**, **supra**. Upon remand, the PCRA court shall appoint new counsel to litigate the present appeal by filing a merits brief or proper petition to withdraw. **Id**.

Record remanded. Within ninety days after remand, new counsel shall be appointed and file either an appellate brief or petition to withdraw. Panel jurisdiction retained.