J-S45034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANIEL BROWN, | |
| Appellant | No. 1897 WDA 2014 |

Appeal from the PCRA Order October 2, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0013099-2006

BEFORE: OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 29, 2016**

Appellant, Nathaniel Brown, appeals from the order of October 2, 2014, which dismissed, following a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. For the reasons discussed below, we remand this case with instructions.

Our review of the record demonstrates that, on March 11, 2015, Appellant filed a *pro se* petition seeking leave to proceed *pro se* on appeal. It appears that the PCRA court did not forward the petition to PCRA counsel and did not take any action on the petition.

An indigent, first-time PCRA petitioner is entitled to counsel throughout PCRA proceedings, including any appeal to this Court. ***See Commonwealth***

_____

[*] Retired Senior Judge assigned to the Superior Court.

***v. White***, 871 A.2d 1291, 129-23 (Pa. Super. 2005). If a PCRA petitioner wishes to proceed without the assistance of counsel, the PCRA court must conduct an on-the-record colloquy, ***see Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), to determine if the petitioner's waiver is knowing, intelligent and voluntary. When, as here, it appears that an indigent, first-time PCRA petitioner fails to make a proper waiver of his right to counsel, this Court can raise the error *sua sponte* and remand the case to the PCRA court to determine if Appellant is knowingly, intelligently and voluntarily waiving his right to counsel. ***See Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

Appellant is indigent and the instant PCRA petition is his first. (***See*** Order, 10/22/14, at unnumbered page 1). Thus, he is entitled to appointed counsel throughout the proceedings. While Appellant did file a petition seeking leave to proceed *pro se* on appeal, there was apparently no ***Grazier*** hearing to determine whether Appellant knowingly, intelligently and voluntarily waived his right to counsel on this appeal.

Accordingly, we remand this case to the PCRA court. If, the PCRA court determines on remand that Appellant wishes to proceed *pro se* on this appeal, the PCRA court shall promptly conduct a ***Grazier*** hearing. If Appellant knowingly, intelligently and voluntarily waives his right to appellate counsel pursuant to ***Grazier***, the PCRA court shall ensure that a transcript of the ***Grazier*** hearing is made a part of the certified record. If

Appellant validly chooses to proceed *pro se*, Appellant shall file a brief with this Court within thirty days of the trial court's order; the Commonwealth may file a responsive brief within thirty days of when Appellant files a brief. Regardless of the disposition of the **Grazier** hearing, the PCRA court shall ensure that the certified record is thereafter returned to the Prothonotary of this Court sixty days after the date of this memorandum.

Further, the Court of Common Pleas of Allegheny County is hereby ordered to transcribe and transmit to the Superior Court of Pennsylvania the notes of testimony and exhibits from the September 25, 2014 PCRA hearing. The Court of Common Pleas shall comply with this order within sixty (60) days from the date on which it is entered.

Case remanded with instructions. Panel jurisdiction retained.