J-S58010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM VON SMITH, | |
| Appellant | No. 1667 MDA 2015 |

Appeal from the PCRA Order August 27, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at Nos.: 1086 MD 2015
1259 CD 1972
1260 CD 1972
CP-22-MD-0001261-1972

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:          **FILED SEPTEMBER 22, 2016**

Appellant, William Von Smith, appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We vacate and remand.

On March 17, 1980, after his second[1] jury trial, Appellant was convicted of murder and aggravated robbery.  The trial court sentenced Appellant to a term of life imprisonment.  On August 27, 1982, this Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was a granted second trial after successfully arguing that counsel during his first trial was ineffective for failing to file a timely motion for severance. (*See Commonwealth v. Von Smith*, 406 A.2d 1034 (Pa. 1979)).

affirmed Appellant's sentence. (*See Commonwealth v. Von Smith*, 450 A.2d 55, 58 (Pa. Super. 1982)). Appellant did not seek allowance of appeal with our Supreme Court.

On October 9, 2014, Appellant filed the instant *pro se* PCRA petition. On July 17, 2015, the PCRA court entered a memorandum opinion explaining that Appellant was not entitled to post conviction collateral relief, and issuing notice of its intent to dismiss Appellant's petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant filed a response on July 30, 2015. On August 27, 2015, the PCRA court dismissed Appellant's petition as untimely. On September 21, 2015, Appellant filed a timely notice of appeal, together with a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On November 24, 2015, the PCRA court filed a statement in lieu of a Rule 1925(a) opinion, referring to the reasoning set forth in its July 17, 2015 opinion.

"The Pennsylvania Rules of Criminal Procedure and our caselaw make clear that an indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA." *Commonwealth v. White*, 871 A.2d 1291, 1293–94 (Pa. Super. 2005); *see also* Pa.R.Crim.P. 904(C). "[A]n indigent first-time PCRA petitioner is entitled to the assistance of counsel, whether or not the PCRA court ultimately concludes that the PCRA petition is untimely." *Commonwealth v. Smith*, 818 A.2d 494, 501 (Pa. 2003).

Here, our review of the record does not reveal anything that contradicts Appellant's allegation in his petition that he has not filed a

previous petition. (**See** Petition, 10/9/14, at 5; **see also id.** at 8 (requesting appointment of counsel)). Therefore, because it appears the instant petition is Appellant's first petition for collateral relief following his conviction, for which he is entitled to representation by counsel, **see White**, **supra** at 193-94; Pa.R.Crim.P. 904(C), we vacate the PCRA court's August 27, 2015 order dismissing Appellant's *pro se* petition. We remand this matter to the PCRA court for proceedings consistent with this disposition.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2016