J-S45029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY JAMES MUSHAT | |
| Appellant | No. 1794 WDA 2015 |

Appeal from the PCRA Order October 14, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000015-2004

BEFORE: OLSON, J., DUBOW, J., and PLATT, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY PLATT, J.:

**FILED OCTOBER 28, 2016**

I respectfully concur in part and dissent in part.

I concur in the learned Majority's decision to vacate the PCRA court's October 14, 2015 order and remand this matter. However, I respectfully dissent from the Majority's interpretation of Appellant's "Permission to *En Banc* Post Conviction Collateral Relief" as a second PCRA petition. Instead, in my view, Appellant's petition is an inartfully drafted notice of appeal. Therefore, I would vacate the PCRA court's October 14, 2015 order and remand for appointment of counsel to assist petitioner in his first PCRA petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

On August 20, 2015, Appellant filed his first PCRA petition *pro se*. In that petition, Appellant sought appointment of counsel. On September 3, 2015, the PCRA court dismissed Appellant's petition as untimely. On September 21, 2015, Appellant *pro se* filed his "Permission to *En Banc* Post Conviction Collateral Relief." Presumably, the court did not consider his filing a notice of appeal, because rather than forwarding it to this Court, it issued an order advising petitioner that it was "without authority to act on his *pro se* Permission to *En Banc* Post Conviction Collateral Relief." (Order, 10/14/15). Appellant timely filed a *pro se* notice of appeal from that order.

Whether this case involves an appeal from the denial of PCRA relief is a question of law, for which our scope of review is plenary and the standard of review is *de novo*. **Cf. Commonwealth v. John**, 854 A.2d 591, 593 (Pa. Super. 2004), *appeal denied*, 870 A.2d 320 (Pa. 2005).

"The Pennsylvania Rules of Criminal Procedure and our caselaw make clear that an indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA." **Commonwealth v. White**, 871 A.2d 1291, 1293–94 (Pa. Super. 2005) (citation omitted); **see also** Pa.R.Crim.P. 904(C). "[A]n indigent first-time PCRA petitioner is entitled to the assistance of counsel, whether or not the PCRA court ultimately concludes that the PCRA petition is untimely." **Commonwealth v. Smith**, 818 A.2d 494, 501 (Pa. 2003). Furthermore, the rules for filing notices of appeal "shall be liberally construed to secure the just, speedy and inexpensive

determination of every matter to which they are applicable." Pa.R.A.P. 105(a).

In my opinion, the purpose of Appellant's "Permission to *En Banc* Post Conviction Collateral Relief" was necessarily to obtain relief from the PCRA court's September 3, 2015 order dismissing his petition.[1] Appellant presumably sought review of the PCRA court's dismissal of his petition, yet lacked the legal knowledge to format his request as a conventional notice of appeal.

Furthermore, I respectfully disagree with the conclusion of both the Majority and the Dissent, that Appellant's "Permission to *En Banc* Post Conviction Collateral Relief" was a second PCRA petition. (**See** Majority, at *2; Dissent, at *2-3). Instead, as already noted, I would conclude that his "Permission to *En Banc* Post Conviction Collateral Relief" is an appeal from the PCRA court's September 3, 2015 order, which dismissed his *pro se* first PCRA petition.

I would vacate the PCRA court's October 14, 2015 advisory order and because it is Appellant's first petition, would remand for appointment of counsel.

Accordingly, I respectfully concur in part and dissent in part.

_____

[1] Specifically, Appellant sought "the requested relief by empenalling [sic] this court 'en banc' and by reducing [his] sentence." (Permission to *En Banc* Post Conviction Collateral Relief, 9/21/15, at unnumbered page 4).

- 3 -