J-S46043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY MISTKOWSKI | : | |
| | : | |
| Appellant | : | No. 1667 MDA 2016 |

Appeal from the Order Entered September 6, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004395-2013

BEFORE:    BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED AUGUST 16, 2017**

Appellant, Anthony Mistkowski, appeals from the order entered on September 6, 2016, in the Court of Common Pleas of Luzerne County denying his motion to vacate the court's earlier order of December 11, 2014, which had granted the Commonwealth's motion to modify Mistkowski's criminal sentence by including an award of restitution. We affirm the order of the court, albeit on different grounds.

On October 6, 2014, Mistkowski pled guilty to third-degree felony receiving stolen property for his involvement with an $18,000.00 motorcycle stolen from a garage. As part of the plea, Mistkowski agreed to pay costs in exchange for the withdrawal of other charges and the Commonwealth's

_____

[*] Former Justice specially assigned to the Superior Court.

agreement to a sentence of five years' probation. The plea did not address restitution.

Sentencing commenced on the same date. During the proceeding, the court asked whether Mistkowski owed restitution, to which counsel for both Mistkowski and the Commonwealth mistakenly responded that restitution was not required because the property had been recovered. Trial Court Opinion, filed 12/22/16 at 1. In fact, the motorcycle had been destroyed. Accordingly, the court imposed a sentence of five years' probation consistent with the terms of the plea agreement.

On December 11, 2014, the Commonwealth filed a motion to modify the sentence in which it requested restitution for the first time. The motion advised that defense counsel agreed with the motion and would not oppose it. The court granted the motion on the same date and entered an order of restitution in the amount of $18,000.00.

On April 18, 2016, Mistkowski filed a motion to vacate the order granting restitution as having resulted in an illegal sentence. Specifically, Mistkowski argued that the court lacked jurisdiction to grant the motion seeking restitution for the first time where the Commonwealth neither satisfied its statutory duty to recommend restitution at or prior to the time

of sentencing, **see** 18 Pa.C.S. § 1106(c)(4),[1] nor filed the motion to modify

sentence within 10 days after judgment of sentence, as is required under

_____

[1] Section 1106, **Restitution for injuries to person or property**, provides

in relevant part:

> **(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> * * *
>
> **(c) Mandatory restitution.--**
>
> (1)   The court shall order full restitution:
>
> ***
>
> (2)   At the time of sentencing the court shall specify the amount and method of restitution.
> ***
>
> (3)   The court may, at any time . . . alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.
>
> (4)   (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered.  This recommendation shall be based upon information solicited by the district attorney and received from the victim.

*(Footnote Continued Next Page)*

Pa.R.Crim.P. 721(b)(1) (providing Commonwealth shall file a motion for modification of sentence no later than 10 days after imposition of sentence). The court convened a hearing on May 18, 2016, and took the matter under advisement. On September 6, 2016, the court entered its order denying Mistkowski's request to vacate the order.

Herein, Mistkowski contends that the sentencing court erred in denying his motion to vacate an order for which it lacked jurisdiction to grant in the first place. Both the Commonwealth and sentencing court now agree with Mistkowski's appellate position that the order granting the Commonwealth's motion to add restitution to Mistkowski's sentence must be vacated for jurisdictional reasons. Disagreement between the parties, however, arises with respect to whether this Court must reinstate the original sentencing order or remand the matter for resentencing.

*(Footnote Continued)* ────────────

> (ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.
>
> (iii) The district attorney may, as appropriate, recommend to the court that the restitution order be altered or amended as provided in paragraph (3).
>
> ****

18 Pa.C.S.A. § 1106(1), (2), (3), and (4)(i),(ii), and (iii).

Mistkowski argues for reinstatement, as the original sentencing order containing no restitution was lawful as entered, such that the court's sentencing scheme will not be altered by removal of the belated award of restitution made in contravention of Section 1106(c). The Commonwealth counters that the court's sentencing order should be vacated and the case remanded for resentencing because the parties mistakenly informed the trial court at sentencing that the stolen property was returned, obviating the need for restitution.

Before we may address the merits of the appeal as presented, however, we are compelled to examine, *sua sponte*, whether Mistkowski's April 18, 2016, motion to vacate the December 11, 2014, order modifying his sentence was untimely, as this question implicates our jurisdiction.[2] The record establishes that the trial court imposed judgment of sentence on October 6, 2014, and Mistkowski filed no direct appeal. Therefore, his judgment of sentence became final on November 5, 2014.[3] Consequently,

---

[2] Even where neither party nor the court has addressed the matter, it is well-settled that we may raise the question of timeliness of a motion implicating the jurisdiction of our Court. **See**, **e.g.**, **Commonwealth v. Gandy**, 38 A.3d 899 (Pa.Super. 2012) (holding this Court may *sua sponte* address timeliness of PCRA petition, as question implicates jurisdiction of court).

[3] Where a defendant fails to file a direct appeal from his conviction, his judgment of sentence becomes final thirty days after imposition of the sentence. **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa.Super. 2000).

although Mistkowski's April 18, 2016, motion to vacate the court's December 11, 2014, order modifying his sentence for want of jurisdiction raised a meritorious claim, the trial court was required to review the motion under the rubric of the Post Conviction Relief Act, 42 Pa.C.S.A §§ 9541-9546. ***See*** 42 Pa.C.S.A. § 9542; ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa.Super. 2007) (recognizing courts are to construe as PCRA petitions all motions a defendant files after his judgment of sentence has become final); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa.Super. 2002) ("[T]he [PCRA] provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

The trial court, however, failed to apply the PCRA to Mistkowski's motion to vacate and, instead, assessed the filing independent of the PCRA and its rules pertaining to issues of timeliness and the right to counsel.[4] Mistkowski was represented by counsel at all times during the PCRA phase of his case, such that we discern no need to remand for the appointment of counsel. We inquire, then, into the timeliness of Mistkowski's motion as a PCRA petition.

_____

[4] A first-time PCRA petitioner has a rule-based right to counsel throughout the post-conviction proceedings, including any appeal from disposition of the PCRA petition. ***Commonwealth v. Figueroa***, 29 A.3d 1177 (Pa.Super. 2011). ***See also Commonwealth v. White***, 871 A.2d 1291 (Pa.Super. 2005).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1).

Therefore, Mistkowski's counseled motion, which we construe as a collateral challenge to the legality of his modified sentence, failed to meet the timeliness requirements applicable to a PCRA petition.[5] Moreover, neither his motion to vacate nor his counseled appeal invoked any of the three exceptions to the PCRA's one-year time-bar. Accordingly, we are constrained to affirm the order denying Appellant's motion to vacate, albeit on different grounds.

Order is AFFIRMED.

---

[5] Although an issue relating to the legality of a sentence cannot be waived, it nevertheless must be presented in a timely PCRA petition. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, [such a claim] must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2017