J-S17013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JALIK PEAY, | |
| Appellant | No. 2030 EDA 2017 |

Appeal from the PCRA Order Entered June 12, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011915-2010

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 15, 2018**

Appellant, Jalik Peay, appeals *pro se* from the post-conviction court's June 12, 2017 order denying his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate that order and remand for further proceedings.

The facts of Appellant's underlying convictions are not necessary to our disposition of the present appeal.  We only note that Appellant was convicted of attempted murder and related offenses in June of 2012.  This Court affirmed Appellant's judgment of sentence on October 22, 2015, and in March of 2016, our Supreme Court denied his petition for allowance of appeal.  **See Commonwealth v. Peay**, 134 A.3d 104 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 135 A.3d 585 (Pa. 2016).

On July 14, 2016, Appellant filed a timely, *pro se* PCRA petition. Gina A. Capuano, Esq., was appointed to represent Appellant. However, rather than filing an amended petition on Appellant's behalf, Attorney Capuano filed a **Turner/Finley**[1] 'no merit letter' and a petition to withdraw. On April 10, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Therein, the court referenced Attorney Capuano's petition to withdraw, but it did not dispose of that petition. Additionally, when the PCRA court issued the June 12, 2017 order dismissing Appellant's petition, it again failed to rule on Attorney Capuano's request to withdraw.

On June 16, 2017, Appellant filed a timely, *pro se* notice of appeal. On June 28, 2017, the PCRA court issued an order directing him to file a Pa.R.A.P. 1925(b) statement. According to the PCRA court, it received a *pro se* Rule 1925(b) statement from Appellant on July 18, 2017, but Appellant never actually filed that document. **See** PCRA Court Opinion, 9/22/17, at 4. Nevertheless, on September 22, 2017, the court issued a Rule 1925(a) opinion addressing the three, *pro se* issues raised in Appellant's concise statement.

Now, in Appellant's *pro se* brief, he raises three claims for our review. However, we cannot address those issues, as Appellant has effectively been denied his rule-based right to counsel on appeal from the denial of his first

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

PCRA petition.[2]   **See** Pa.R.Crim.P. 904(C) (stating that, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction relief"); **see also Commonwealth v. Smith**, 121 A.3d 1049, 1053 (Pa. Super. 2015) ("The rule-based right to counsel and to effective assistance of counsel extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition.") (citations omitted). Moreover, it is well-settled that "once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." **Commonwealth v. Willis**, 29 A.3d 393, 397 (Pa. Super. 2011) (quoting **Commonwealth v. White**, 871 A.2d 1291, 1294 (Pa. Super. 2005) (citations omitted)).

Here, the PCRA court appointed Attorney Capuano to represent Appellant, but it never ruled on her petition to withdraw. Thus, while Attorney Capuano remained counsel-of-record for Appellant during the proceedings

---

[2] While Appellant does not raise any issue regarding his lack of representation on appeal, that omission "does not prevent us from *sua sponte* addressing this issue and remanding his case." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (holding "that where an indigent, first-time PCRA petitioner was denied his right to counsel - or failed to properly waive that right - this Court is required to raise the error *sua sponte* and remand for the PCRA court to correct that mistake").

below, she never filed anything on his behalf, including the notice of appeal or court-ordered Rule 1925(b) statement. Additionally, Attorney Capuano has not entered her appearance before this Court, or filed an advocate's brief or petition to withdraw.

Consequently, we are compelled to vacate the PCRA court's June 12, 2017 order denying Appellant's petition, and remand for the court to rule on Attorney Capuano's pending petition to withdraw.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/18