J-S73031-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD E GELTS, JR. | : | |
| | : | |
| Appellant | : | No. 693 WDA 2018 |

Appeal from the Order Entered April 26, 2018
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000290-2002

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

JUDGMENT ORDER BY OLSON, J.:                    FILED NOVEMBER 30, 2018

Appellant, Donald E Gelts, Jr., appeals pro se from the order entered on April 26, 2018.  Although we quash this appeal, we instruct the PCRA court to comply with this judgment order.

As our resolution of this appeal is based on the procedural posture of this case, we decline to set forth the factual background.  On July 11, 2003, the trial court sentenced Appellant to an aggregate term of 14 to 30 years' imprisonment after he pled guilty to statutory sexual assault[1] and involuntary deviate sexual intercourse.[2]  After Appellant's direct appeal rights were

_____

[1] 18 Pa.C.S.A. § 3122.1.

[2] 18 Pa.C.S.A. § 3123(a)(7).

reinstated nunc pro tunc, this Court affirmed. Commonwealth v. Gelts, 22 A.3d 1071 (Pa. Super. 2010) (unpublished memorandum) (citation omitted). On December 29, 2010, Appellant filed his first[3] pro se petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied Appellant's request for the appointment of counsel.[4] No action was taken on that petition for the next seven and one-half years.

On April 6, 2018, Appellant filed a motion to amend that PCRA petition. On April 26, 2018, the PCRA court treated the filing as a second PCRA petition and purported to dismiss the petition. This appeal followed.

Preliminarily, we must determine if we have jurisdiction over this appeal. Generally, we only have jurisdiction over appeals from final orders. Shearer v. Hafer, 177 A.3d 850, 855 (Pa. 2018) (citation omitted). An order denying a motion to amend a PCRA petition is not a final order. See Pa.R.A.P. 341(b)(1). Hence, if Appellant's filing were a motion to amend his PCRA petition, we lack jurisdiction over this appeal. If, however, as the PCRA court

_____

[3] See Commonwealth v. Turner, 73 A.3d 1283, 1286 (Pa. Super. 2013).

[4] In denying Appellant's request for appointment of counsel to handle his post-conviction challenge, the PCRA court incorrectly stated that Appellant was being represented by his direct appellate counsel at the time. Appellate counsel, however, only had an obligation "to continue representation until the case [wa]s concluded[.]" Commonwealth v. White, 871 A.2d 1291, 1294 (Pa. Super. 2005) (citation omitted). The case was concluded on December 15, 2010, when the time for filing a petition for allowance of appeal expired. There is nothing in the certified record indicating that appellate counsel was appointed to represent Appellant in any post-conviction challenge. Hence, Appellant was not represented when he filed his PCRA petition.

found, Appellant's filing was a second PCRA petition, the April 26, 2018 order was a final order and we have jurisdiction over this appeal.

We must look to the contents of a filing to determine its character and not merely the title a party ascribes thereto. Cf. Commonwealth v. Descardes, 136 A.3d 493, 503 (Pa. 2016) (court was required to consider filing a PCRA petition although titled a petition for writ of coram nobis). As noted above, Appellant's December 29, 2010 PCRA petition was still pending when he filed the motion to amend. Appellant sought to add a claim to that PCRA petition in his filing. Hence, the PCRA court improperly treated the filing as Appellant's second PCRA petition. The filing should have been treated as a motion to amend Appellant's first PCRA petition. Hence, this appeal from the order denying the motion to amend is interlocutory and we lack jurisdiction over this appeal. Accordingly, we quash this appeal.

Although we quash this appeal as interlocutory, we note that "it is undisputed that first time PCRA petitioners have a rule-based right to counsel." Commonwealth v. Figueroa, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011). The PCRA court has denied Appellant that right for the past eight years. The PCRA court shall appoint counsel forthwith to litigate the pending PCRA petition.[5]

Appeal quashed.

_____

[5] Counsel shall expeditiously file an amended petition or a no-merit letter.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2018