J-S41034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO SAUNDERS | : | |
| | : | |
| Appellant | : | No. 357 EDA 2024 |

Appeal from the Order Entered December 11, 2023
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000538-2019

BEFORE:  MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 2, 2025**

Antonio Saunders ("Saunders") appeals from the order denying, after a hearing, his first counseled petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  In addition, Saunders's court-appointed appellate counsel ("Appellate Counsel") has filed a motion to withdraw as counsel and a **Turner/Finley** "brief."[2]  For the reasons discussed below, we grant counsel's petition to withdraw but vacate the denial of PCRA relief and remand for further proceedings.

Because of our disposition in this matter, we do not discuss the underlying facts except to note a jury convicted Saunders in 2019 of seven

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counts of forgery, and one count each of identity theft and attempted theft by unlawful taking. The trial court sentenced Saunders to fifty-two to one-hundred-and-four months in prison.

Saunders appealed and, in January 2021, this Court affirmed the judgment of sentence. *See Commonwealth v. Saunders*, 248 A.3d 459 (Pa. Super. 2021) (unpublished memorandum at *1). Saunders did not seek leave to appeal to the Pennsylvania Supreme Court.

In January 2022, Saunders filed a timely *pro se* PCRA petition. The trial court appointed counsel ("First PCRA Counsel") who filed amended and second amended PCRA petitions. In June 2023, the PCRA court held a hearing on Saunders's PCRA petition. At the hearing, for reasons not apparent from the record, a different attorney represented Saunders ("Second PCRA Counsel"). On December 8, 2023, the PCRA dismissed the PCRA petition. *See* Order and Opinion, 12/11/23, at 1.

Although still represented by Second PCRA Counsel, Saunders filed a *pro se* notice of appeal on January 10, 2024. On February 12, 2024, the PCRA court directed Saunders to file a Rule 1925(b) statement. While the proof of service for the order indicates service on Saunders, there is no indication the Court served a copy on Second PCRA Counsel. *See* Order, 2/12/24, at 1 (unnumbered). On February 22, 2024, Second PCRA Counsel filed a motion seeking to withdraw his appearance and have the PCRA court appoint new counsel. On March 4, 2024, four days *after* the expiration of time to file the

Rule 1925(b) statement, the PCRA court permitted Second PCRA Counsel's to withdraw and appointed Appellate Counsel.[3] The order did not allow Appellate Counsel to file a *nunc pro tunc* Rule 1925(b) statement. Appellate Counsel filed a notice of intent to file a ***Turner***/***Finley*** letter. ***See*** Pa.R.A.P. 1925(c)(4). The PCRA court subsequently issued an opinion asking this Court to dismiss Saunders's appeal based for failure to comply with Pa.R.A.P. 1925(b). ***See*** PCRA Court Opinion, 4/16/24, at 1 (unnumbered).

Appellate Counsel has filed an application to withdraw as counsel and a ***Turner***/***Finley*** brief. Saunders filed a response alleging the ineffectiveness of both Second PCRA and Appellate Counsel.

We first determine whether Appellate Counsel has satisfied the requirements to be permitted to withdraw from representation. Pursuant to ***Turner***/***Finley***, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009) (explaining how counsel establishes having conducted independent review). In addition to independent review, counsel petitioning to withdraw must send the petitioner a copy of the "no merit" letter or brief; a copy of the petition to withdraw; and a statement advising the petitioner of his right to proceed *pro se* or retain

---

[3] Appellate counsel is Saunders's ninth attorney; Saunders represented himself at trial.

counsel. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). If counsel does not meet these technical requirements, we will deny counsel's request to withdraw and remand for counsel to file a proper *Turner*/*Finley* letter or an advocate's brief. *See id*. If counsel satisfies the technical requirements this Court will then conduct its own review of the merits, and if we agree the case is meritless, we will allow counsel to withdraw and deny relief. *Id*.

Here, we are faced with a conundrum. Appellate Counsel complied with the technical requirements of *Turner*/*Finley*. However, Appellate Counsel filed a brief in which he acknowledges "Pa.R.A.P. 1925(c)(3) warrants remand to the [PCRA] court" to allow Saunders to file a Rule 1925(b) statement *nunc pro tunc*. *See Turner*/*Finley* Brief at 14; *see also id*. at 15. Appellate Counsel nevertheless asks us to ignore Saunders's entitlement to a remand to file a Rule 1925(b) statement *nunc pro tunc*, citing Saunders's repeated inability to cooperate with counsel, his filing of a *pro se* notice of appeal, and his "incessant," "inaccurate, and/or "improper" *pro se* filings throughout the course of the underlying case. *Id*. Counsel further argues in detail that Saunders's sole PCRA claim, concerning the alleged ineffectiveness of his first attorney in connection with his arraignment and/or preliminary hearing, lacks merit. *See id*. at 22-36.

The Commonwealth agrees with Appellate Counsel, and argues Saunders is not entitled to PCRA relief, citing this Court's memorandum

decision in *Commonwealth v. Wolfe*, 2019 WL 2437941 at *3 (Pa. Super. 2019),[4] for the proposition "where there exist[] fatal deficiencies . . . a properly filed 1925 Statement cannot correct," this Court may reach the merits of the claim and ignore an appellant's failure to file a Rule 1925(b) statement.  Commonwealth's Brief at 9; *see id*. at 8-11.

Saunders filed a response to Appellate Counsel's application to withdraw in which he argues the ineffectiveness of both Second PCRA Counsel and Appellate Counsel.[5]    *See* Saunders's Response, 6/24/24, at 2-3 (unnumbered).

We are not unsympathetic to the position advocated by both Appellate Counsel and the Commonwealth.  Nonetheless, there is no proper legal basis for this Court to ignore what was either (1) *per se* ineffective assistance of Second PCRA Counsel for failing to file a Rule 1925(b) statement and/or (2) a breakdown in court operations resulting from the PCRA court's failure to serve

---

[4] Because Wolfe was filed in June 2019, it may be cited for its persuasive value.  *See* Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

[5] *See Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) ("[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.").    *Bradley* does not automatically guarantee a remand to the PCRA court but requires one where there are material facts at issue regarding counsel's performance and relief is not plainly unavailable as a matter of law.  *See id*. at 402.

a copy of the Rule 1925 order on Second PCRA Counsel,[6] and the court's failure to allow the filing of a *nunc pro tunc* Rule 1925(b) statement when appointing Appellate Counsel after the period had run.[7] A disposition of Saunders's claims based on the "failure" to file a Rule 1925(b) statement is not supportable under those facts.

Thus, because Appellate Counsel has filed a **Turner**/**Finley** brief asserting a position not supported by law or facts as the basis to dismiss Saunders's appeal, and did not file a motion seeking a remand of this matter for the filing of a *nunc pro tunc* Rule 1925(b) statement, we cannot find Appellate Counsel has complied with the dictates of **Turner**/**Finley**. Additionally, because Saunders now claims Appellate Counsel is ineffective, we are constrained to grant Appellate Counsel's withdrawal application.

---

[6] In his *pro se* notice of appeal, dated four days prior to the expiration of the appeal period, Saunders claims he contacted Second PCRA Counsel and asked him to file an appeal. Saunders maintains he only filed the notice of appeal *pro se* to preserve his right to appeal. **See** Notice of Appeal, filed 1/10/24, at 1 (unnumbered). The certificate of service attached to the notice indicates Saunders sent a copy of the notice of appeal to Second PCRA Counsel. **See** *id*. at Certificate of Service.

[7] We do not find **Wolfe** has persuasive value. **Wolfe** involved a **late-filed** Rule 1925(b) statement, not the absence of any statement. **See Wolfe**, 2019 WL 2437941, at *2. More importantly, we do not find persuasive the **Wolfe** majority's assertion we may ignore counsel's failure to file a Rule 1925(b) statement. Instead, we agree with the dissenting Judge in **Wolfe** that the failure to file a timely Rule 1925(b) statement constitutes ineffectiveness of counsel *per se*. **See id**. at *4 (Strassburger, J. dissenting, citing **Commonwealth v. Burton**, 973 A.2d 428, 432-33 (Pa. Super. 2009) (*en banc*)).

Finally, because we are unable to determine from the record whether Saunders's failure to file a Rule 1925(b) statement resulted from the ineffectiveness of Second PCRA Counsel or a breakdown in the operations of the PCRA court, we are constrained to vacate the order denying PCRA relief and remand for further proceedings.

In remanding for further proceedings, we note that an indigent, first-time PCRA petitioner is entitled to counsel throughout the litigation of his PCRA petition, including on appeal. *See Commonwealth v. White*, 871 A.2d 1291, 1292-93 (Pa. Super. 2005). An indigent PCRA petitioner may, however, forfeit the right to counsel if the petitioner engages in "extremely serious misconduct or extremely dilatory conduct." *Commonwealth v. Staton*, 120 A.3d 277, 282, 286 (Pa. 2015). The record here reflects Saunders has repeatedly filed *pro se* motions, while represented by counsel, which unduly delayed trial and PCRA proceedings, and otherwise failed to cooperate with his **nine** prior appointed attorneys. Regarding the instant claims, Saunders has refused to accept the analysis of two separate attorneys that the claims concerning defects relating to his preliminary hearing are not cognizable under the PCRA. Therefore, on remand, the PCRA court shall determine whether Saunders has forfeited his right to counsel.[8] Alternatively, if the PCRA court

_____

[8] We note, in a recent decision, *Commonwealth v. Cook*, 325 A.3d 1275, 1279-81 (Pa. Super. 2024), this Court reversed a finding a first PCRA petitioner had forfeited his right to counsel on a first PCRA petition, despite
*(Footnote Continued Next Page)*

determines Saunders is entitled to counsel, but if Saunders wishes to proceed *pro se*, the PCRA court shall conduct a colloquy of Saunders, pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), to determine whether such request is knowing, intelligent, and voluntary. If the PCRA court determines Saunders satisfies the appropriate standard, the PCRA court shall enter an order permitting Saunders to proceed *pro se*.

Additionally, the PCRA court shall allow the filing of a third amended PCRA petition which permits Saunders to raise both the claim of ineffective assistance of pre-trial counsel that resulted in Appellate Counsel's ***Turner***/***Finley*** letter, and his current, layered claims of ineffective assistance of Second PCRA Counsel and Appellate Counsel. We leave to the PCRA court's discretion the extent and manner of the additional evidence to be developed concerning the new claims. Thereafter, the PCRA court shall enter a new final order disposing of all claims Saunders has raised in connection with the instant PCRA petition.

_____

ignoring the advice of qualified attorneys and filing multiple *pro se* petitions while represented by counsel, because Cook had only been represented by one attorney on the PCRA petition, that attorney agreed there were some issues of arguable merit, and because Cook's conduct did not delay his trial. Here, Saunders's extremely dilatory conduct in filing *pro se* motions while represented by counsel did delay his trial, at which he ultimately represented himself, and he has been represented and given the same advice, that there are no issues of arguable merit with respect to his PCRA petition, by several attorneys.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Murray joins this memorandum.

Judge King concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/2/2025