**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN AHMAD CLARK | : | |
| | : | |
| Appellant | : | No. 1509 MDA 2018 |

Appeal from the PCRA Order Entered August 13, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002723-2013

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 09, 2019**

Justin Ahmad Clark appeals, *pro se*, from the order, entered in the Court of Common Pleas of Dauphin County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  For the reasons that follow, we vacate and remand for further proceedings consistent with the dictates of this memorandum.

On April 25, 2014, a jury convicted Clark of first-degree murder, attempted murder, and carrying a firearm without a license.  The charges stemmed from an incident in which Clark shot and killed a man as part of an ongoing dispute with a third party.  The shooting occurred two weeks shy of Clark's eighteenth birthday.  On June 23, 2014, the trial court sentenced Clark to life without parole on the homicide conviction, plus concurrent sentences of 20 to 40 years in prison for attempted homicide and three to six years'

incarceration for the firearm violation. Post-sentence motions were denied and Clark did not file a direct appeal.

On November 12, 2014, Clark filed a PCRA petition claiming ineffectiveness of counsel and seeking reinstatement of his direct appellate rights, which the court granted on November 18, 2014. This Court subsequently affirmed Clark's judgment of sentence on July 21, 2015, and our Supreme Court denied allowance of appeal on March 1, 2016.

Clark filed a timely *pro se* PCRA petition on March 1, 2017. Counsel was appointed and, on July 14, 2017, filed a "Supplemental PCRA Petition to Preserve the Issue of Requesting Vacation of Sentence of Life Without Parole, and Resentencing Hearing with Discovery Pursuant to the United States Supreme Court's Decisions in [***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016)]." In that supplemental petition, counsel asked that the court:

> (1) vacate [Clark's] illegal sentence;
>
> (2) schedule a resentencing hearing wherein [the court] may impose a constitutionally sound sentence that is reflective and proportionate to [Clark's] level of culpability;
>
> (3) permit Petitioner/Undersigned counsel to supplement and/or amend the instant petition once the undersigned has had the opportunity to thoroughly review his lower court and appellate court record; and
>
> (4) grant such other relief as the [c]ourt may deem proper and in the interest of justice.

Supplemental PCRA Petition, 7/14/17, at [8].

On July 25, 2017, the PCRA court issued an order stating that "[p]etitioner's Motion to Supplement Initial PCRA Petition is hereby granted and the issue of [p]etitioner's unconstitutional sentence issue is preserved as timely. Petitioner is allowed to further supplement the initial *pro se* Petition with assistance of counsel." PCRA Court Order, 7/25/17. Thereafter, on October 13, 2017, counsel filed a supplemental PCRA petition, in which he raised the following issues on Clark's behalf: (1) trial counsel was ineffective for conceding Clark's guilt on the firearm charge; (2) trial counsel was ineffective for failing to request a third-degree murder instruction; (3) Clark's sentence of life imprisonment without the possibility of parole is unconstitutional under **Miller** and **Montgomery**; (4) after-discovered evidence in the form of sentencing consideration granted by the Commonwealth to a witness who testified against Clark at trial; and (5) Clark's attempted murder conviction should have merged with his murder conviction for purposes of sentencing. In the petition, counsel noted his belief that none of the issues raised was meritorious except the two sentencing claims. Counsel then filed a "Motion for Sentencing Hearing Pursuant to the Post Conviction Relief Act" on October 13, 2017. By order dated February 9, 2018, the court scheduled a resentencing hearing, which was ultimately held on July 17, 2018. At that time, the court resentenced Clark to a term of 45 years' to life imprisonment for first-degree murder, and concurrent terms of 20 to 40

years' and 3 to 6 years' imprisonment for attempted murder and carrying a firearm without a license, respectively.[1]

On July 26, 2018, counsel filed an amended PCRA petition raising the following additional claims: (1) trial counsel was ineffective or failing to interview and investigate other potential witnesses; and (2) a new constitutional right was established by the decision of the Pennsylvania Supreme Court in **Commonwealth v. Fulton**, 179 A.3d 475 (Pa. 2018), entitling Clark to suppression of the wireless telephone evidence. Counsel indicated his belief that both issues lacked merit and that Clark was not entitled to PCRA relief. Counsel did not, however, file a petition to withdraw pursuant to **Turner**/**Finley**.[2] On August 13, 2018, the PCRA court issued an order denying Clark's PCRA petition.

_____

[1] Clark filed a post-sentence motion followed by a separate notice of appeal of the judgment of sentence imposed on resentencing pursuant to **Miller** and **Montgomery**. That appeal was docketed in this Court at number 1668 MDA of 2018 and was ultimately dismissed for failure to file a brief. It is unclear why the PCRA court essentially bifurcated the proceedings in this matter by resentencing Clark prior to disposing of his remaining PCRA claims. However, because only Clark's sentence—and not his convictions—was disturbed at resentencing, all other aspects of his original judgment remained final and the PCRA court properly proceeded with the disposition of Clark's remaining claims. **See Commonwealth v. Lesko**, 15 A.3d 345 (Pa. 2011) (where federal habeas petitioner granted new penalty hearing, all other aspects of original judgment remain final for purposes of determining right to first-petition PCRA review)

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

On August 27, 2018, Clark filed a *pro se* motion to remove counsel, requesting that he be allowed to proceed *pro se*. On September 7, 2018, Clark also filed, *pro se*, a notice of appeal to this Court with respect to the PCRA court's denial of PCRA relief. On September 12, 2018, counsel filed on Clark's behalf a motion for a **Grazier**[3] hearing, indicating that Clark wished to proceed without counsel. That same day, counsel also filed a notice of appeal from the denial of PCRA relief.[4] On September 14, 2018, the PCRA court issued an order directing Clark to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 25, 2018, the court issued an order denying Clark's motion for a **Grazier** hearing.

On November 6, 2018, Clark filed a motion in this Court to remand his case to the trial court for a **Grazier** hearing. By order filed November 14,

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (requiring on-the-record determination of voluntariness of waiver of counsel).

[4] Two timely notices of appeal were filed with respect to the court's August 13, 2018 order denying PCRA relief. The first was filed by Clark, p*ro se*, on September 7, 2018. The second was filed by counsel on September 12, 2018, contemporaneously with a motion for a **Grazier** hearing. Generally, there is no right to hybrid representation; *pro se* filings by a counseled defendant constitute legal nullities. **See Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). However, a notice of appeal is distinguishable from other filings, as it protects a constitutional right. **Id.** at 624, citing **Ellis**, 626 A.2d at 1138-41; 210 Pa. Code § 65.24. Accordingly, "this Court is required to docket a *pro se* notice of appeal despite [an a]ppellant being represented by counsel[.]" **Williams**, 151 A.3d at 624.

2018, this Court stayed the briefing schedule and remanded the case to the trial court for purposes of a *Grazier* proceeding. On December 3, 2018, the trial court entered an order directing that Clark be permitted to proceed *pro se* and directing him to file a Rule 1925(b) statement. Clark filed his Rule 1925(b) statement on December 14, 2018.

Before we address the merits of Clark's claims, we must determine whether he was effectively denied his rule-based right to counsel on his timely first PCRA petition.[5]  *See* Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies to the judge that the defendant is unable to afford or otherwise procure counsel, the judge <u>shall</u> appoint counsel to represent the defendant on the defendant's first petition for post-conviction relief.") (emphasis added). For the reasons that follow, we conclude that he was.

Here, PCRA counsel raised a total of seven claims on Clark's behalf. Of those claims, counsel concluded that five of them lacked merit, and noted that belief in the body of the petitions. He did not, however, seek leave to withdraw as counsel or follow the procedures required under *Turner*/*Finley*. Clark raises this issue in his *pro se* brief, arguing that:

> [i]nstead of being forced to comply with the well[-]established elements set forth by the *Finley* court[,] court[-]appointed counsel was allowed to utilize appellant[']s one and only attempt

---

[5] Clark had filed a prior PCRA petition which resulted in the reinstatement of his direct appellate rights. Accordingly, the instant PCRA petition is considered to be a timely first PCRA petition. *Commonwealth v. Karanicolas*, 836 A.2d 940, 944 (Pa.Super.2003) (when PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in first PCRA petition, subsequent PCRA petition will be considered first PCRA petition for timeliness purposes).

at seeking collateral review to argue within his supplemental amendments why appellant[']s claims were without merit. Counsel's actions and the PCRA court[']s concurrence[] abrogated **Finley**, as well as Pa.R.Crim.P. 907.

Brief of Appellant, at 14.

During PCRA proceedings, "once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." **Commonweath v. Willis**, 29 A.3d 393, 397 (Pa. Super. 2011), quoting **Commonwealth v. White**, 871 A.2d 1291 (Pa. Super. 2005). As this Court has explained:

> The **Turner**/**Finley** decisions provide the manner for [PCRA] counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, **see Turner**, **supra**, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit[.]
>
> [T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney[.]

**Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted).

Here, counsel plainly believed that Clark's claims—save his two legality-of-sentencing claims—were without merit. Despite this fact, after relief was granted on Clark's **Miller/Montgomery** claim, but prior to the court's disposition of Clark's remaining claims, counsel failed to follow the procedures required under **Turner/Finley** by requesting leave to withdraw from his representation of Clark, submitting a proper "no-merit" letter, and advising Clark of his right to either seek private counsel or advocate in the PCRA court on his own behalf. Accordingly, we are constrained to vacate the PCRA court's order dismissing Clark's petition and remand this matter to the PCRA court for the appointment of new counsel. Upon his or her appointment, counsel shall either file an amended PCRA petition on Clark's behalf, or proceed in accordance with the dictates of **Turner/Finley** and seek leave to withdraw as counsel.[6]

Further exacerbating counsel's failure to comply with **Turner/Finley**, the PCRA court dismissed Clark's petition without first providing him notice of its intent to do so pursuant to Pa.R.Crim.P. 907. Issuance of Rule 907 notice is mandatory and requires vacatur of the order of dismissal, unless the petitioner waives the claim by failing to raise it on appeal. **Commonwealth v. Guthrie**, 749 A.2d 502 (Pa. Super. 2000). **See also Commonwealth v. Feighery**, 661 A.2d 437 (Pa. Super. 1995) (explaining notice requirement of

---

[6] We are aware that Clark sought, and was granted, leave to proceed *pro se* in this appeal. However, it is apparent from Clark's brief that he desires an opportunity for effective representation by counsel in the prosecution of his claims in the PCRA court.

intention to dismiss is mandatory; vacating and remanding for fulfillment of notice requirement). Here, Clark has raised the lack of Rule 907 notice in his appellate brief. *See* Brief of Appellant, at 14, 22. Given our ultimate disposition today, we simply alert the PCRA court that, in the event it ultimately dismisses Clark's claims without a hearing, it must issue notice under Rule 907 prior to doing so.[7]

Order vacated; case remanded for further proceedings in accordance with the dictates of this memorandum. Application for clarification denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2019

---

[7] In the event newly-appointed counsel files a proper **Turner**/**Finley** "no-merit" letter, Rule 907 notice prior to dismissal is unnecessary, as long as Clark is given at least 20 days to respond to any no-merit letter. *See* **Commonwealth v. Bond**, 630 A.2d 1281 (Pa. Super. 1993) (holding PCRA court's dismissal without providing Rule 907 notice acceptable where dismissal occurs more than 20 days after petitioner received counsel's no-merit letter).