J-S17026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALIL WARNER | : | |
| | : | |
| Appellant | : | No. 1600 EDA 2025 |

Appeal from the PCRA Order Entered April 1, 2025
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0005486-2022

BEFORE: PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JUNE 26, 2026**

Appellant, Khalil Warner, filed this *pro se* appeal of an order dismissing a petition (his first) filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA). In 2023, Appellant plead guilty to two counts of aggravated assault, to which an aggregate prison term of seven to 20 years was imposed. Appellant asserted in the instant PCRA petition that plea counsel was ineffective and his plea was involuntary. Appellant was appointed PCRA counsel, who filed a letter of "no merit" and an application to withdraw. The Court of Common Pleas of Delaware County (PCRA court) dismissed the petition, but prior to counsel's withdrawal, Appellant filed a *pro se* notice of appeal which was patently untimely. Finding that the untimeliness of Appellant's notice of appeal resulted from the effective deprivation of appellate

_____

[*] Retired Senior Judge assigned to the Superior Court.

PCRA counsel and a breakdown in court operations, we will excuse the procedural defect in the notice and remand the case for a determination as to whether Appellant would prefer to avail himself of appellate counsel's aid.

This case began on June 5, 2022, when police officers responded to the scene of a shooting in Delaware County. During their investigation, police recovered video surveillance footage of the incident showing that there were two perpetrators who discharged their weapons at a group of boys exiting a pizza parlor. The faces of both shooters were obscured. However, the identity of one of the two shooters was discovered when police found several Youtube videos posted at around the time of the incident. In those videos, an individual can be seen wearing the same distinctive clothing (a black hoodie and black pants with distinctive white lettering) worn by one of the two perpetrators. Police identified the person as Appellant, and relied on the match to obtain a search warrant of his home.

The home search yielded the same black pants seen in the Youtube videos and surveillance footage of the shooting. Appellant was then charged with several counts stemming from that incident, including two counts of attempted murder and unlawful possession of a firearm. While in custody, soon after the preliminary hearing, Appellant made a telephone call to his girlfriend in which he uttered statements tantamount to admissions of guilt.

Appellant complained in the call that "you couldn't even see my face in the [surveillance] video[.]" N.T. Transcript, 3/21/2021, at 9-10. He also informed his girlfriend that detectives knew the other shooter's identity, and

- 2 -

he arranged to have his girlfriend contact that person to tell him "what the deal is." *Id*., at 10. Unbeknownst to Appellant, his prison phone call was recorded. The Commonwealth introduced the audio recording into evidence at a pre-trial hearing. *See id*., at 17.

Appellant entered a counseled guilty plea on October 18, 2023, to two counts of aggravated assault, and all the remaining counts were dismissed. No post-sentence motions were filed; nor was a direct appeal. On July 11, 2024, Appellant filed, *pro se*, the instant petition for PCRA relief. He alleged in the petition that plea counsel was legally ineffective and that his guilty plea was involuntary. Appellant requested counsel, and PCRA counsel was appointed.

Thereafter, on February 4, 2025, Appellant's PCRA counsel filed an application to withdraw from representation. Counsel also submitted a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). About one week later, the PCRA court filed a Rule 907 notice of intent to dismiss Appellant's petition without a hearing. No response to the Rule 907 notice was filed on Appellant's behalf.

On April 1, 2025, the PCRA court entered an order dismissing Appellant's PCRA petition. The order advised Appellant that "appointed counsel shall be permitted to withdraw from representation . . . upon expiration of the thirty day period to appeal after entry of the final ORDER denying and dismissing

- 3 -

the . . . pro se PCRA Petition." Trial Court Order, 4/1/2025. However, a notice of appeal was not filed within 30 days of that order's entry.

On June 25, 2025, the Delaware County Clerk of Courts received a letter from Appellant which was postmarked, June 23, 2025. Appellant sent the letter, *pro se*, as an inquiry about the status of the notice of appeal he had purportedly filed, again *pro se*, on April 26, 2025. The letter included a copy of the notice of appeal, which was dated April 26, 2025. Crucially, Appellant did not submit any proof that such a notice was in fact mailed to the clerk's office on that date. The Clerk of Court entered the *pro se* notice of appeal on the case docket with a filing date of June 25, 2025.

The PCRA court entered an order on August 1, 2025, allowing PCRA counsel to withdraw from representation. This Court, on August 27, 2025, issued an order for Appellant to show cause why his appeal should not be quashed as untimely having been filed over 30 days after the order on review was entered. In response, Appellant echoed his earlier letter to the clerk's office, stating that his *pro se* notice of appeal was timely filed on April 25, 2025. The order to show cause was discharged, but it stated that the issue of the appeal's timeliness could later be considered by the merits panel.

In his *pro se* brief, Appellant now raises five issues concerning the sufficiency of the evidence, the ineffectiveness of counsel, and the voluntariness of his guilty plea. **See** Appellant's Brief, at 2-3. The brief contains no elaboration as to the timeliness of his notice of appeal or his right to appellate PCRA counsel.

The Commonwealth, conversely, argues that this appeal should either be quashed due to the untimely filing of the notice of appeal, or that the order on review should be affirmed for lack of merit in Appellant's claims. **See** Appellee's Brief, at 8-9. Alternatively, the Commonwealth suggests that, if this Court declines to dispose of the appeal on those grounds, the case should be remanded for further proceedings because the record does not indicate whether Appellant made an informed decision to proceed *pro se* instead of availing himself of the right to PCRA counsel at the appellate stage of these proceedings. **See** Appellee's Brief, at 10-12. The Commonwealth notes that "[n]o hearing was ever held pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine if appellant was voluntarily waiving his right to counsel." **Id**., at 11.

"Our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." **Commonwealth v. Yager**, 685 A.2d 1000, 1003 (Pa. Super. 1996) *(en banc)*.

"Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002). Under Rule 903(a), "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). A timely flied notice of appeal "triggers the jurisdiction of the appellate court[.]" **Commonwealth v. Wiliams**, 106 A.3d 583, 587 (Pa. 2014).

- 5 -

When a notice of appeal is not timely filed, the appeal must be quashed unless it is determined that "an administrative breakdown in the court system excuses the untimely filing[.]" ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007). One recognized type of such a breakdown is when a court fails to properly advise a party of appellate rights. ***See id***., at 498-99. Accordingly, this Court may grant relief to a party whose untimely appeal has resulted from a breakdown beyond the party's control. ***See id***.

Here, Appellant's *pro se* notice of appeal is patently untimely. The PCRA court's order dismissing his petition was entered on April 1, 2025. The *pro se* notice of appeal was not filed until over 30 days later, on June 25, 2025. Appellant has claimed that his notice of appeal was filed earlier, within the 30-day window, on April 26, 2025, but he has submitted no proof of such a filing. ***See e.g. Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (enumerating various examples of accepted forms of proof of a prisoner's timely mailing). Although the general rule is that an untimely appeal must be quashed, we decline to do so here because it appears from the record that Appellant proceeded *pro se* on appeal and filed a fatally defective notice without ever being advised of his right to appellate PCRA counsel.

"Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one meaningful opportunity to have . . . issues reviewed, at least in the context of an ineffectiveness claim." ***Commonwealth v. Karanicolas***, 836 A.2d 940, 945 (Pa. Super. 2003) (emphasis in original) (internal citations and quotations omitted). "This right

to representation exists throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief." **Commonwealth v. White**, 871 A.2d 1291, 1293-94 (Pa. Super. 2005) (internal citations and quotations omitted); **see also** Pa.R.Crim.P. 904(F)(2); Pa.R.Crim.P. 904(C).

In the present case, the PCRA court's order dismissing Appellant's petition states that appointed counsel's appearance could be withdrawn after 30 days from the date on which the order was entered. **See** PCRA Court Order, 4/1/2025, at 1-2. The filing of an appeal was not entered on the case docket within 30 days, and Appellant's *pro se* notice of appeal was not docketed until June 26, 2025. It was not until August 1, 2025, that appointed PCRA counsel's appearance was withdrawn by order, and Appellant has proceeded *pro se* since that time.

Again, no **Grazier** hearing was ever held to advise Appellant of his appellate rights, and to determine if Appellant wanted to waive his right to appellate counsel. Further, prior PCRA counsel's no-merit letter makes no mention of Appellant's right to counsel on appeal. It only states that, if the PCRA court were to grant counsel's application to withdraw, Appellant would have to address the withdrawal to the PCRA Court either "on his own or through a privately retained attorney." PCRA Counsel's No-Merit Letter, 2/4/2025, at 3. Further, neither the PCRA Court's Rule 907 notice of intent to dismiss Appellant's PCRA petition, nor the order dismissing the PCRA petition,

advised him of his right to appointed counsel at the appellate stage. ***See*** PCRA Court 907 Notice, 2/5/2025, at 5; PCRA Court Order, 4/1/2025, at 1-2.

On these facts, we find that Appellant's untimely filing of this appeal is at least in part due to a breakdown in court operations and the deprivation of the right to appellate counsel. Appellant was either insufficiently advised or misadvised of his appellate rights, and the PCRA court's order only prospectively granted prior counsel's request to withdrawal from representation. These instructions by the PCRA court made it unclear whether Appellant was still being represented by appointed counsel for appellate purposes during the period for filing a notice of appeal.

In fact, a reasonable interpretation of the PCRA court's order delaying the withdrawal of PCRA counsel is that Appellant was *not* meaningfully represented by an attorney for purposes of appeal during the 30-day filing period. Appointed PCRA counsel already had filed a letter of no-merit and sought to withdraw from the case. It would not have made sense for Appellant to then assume that his soon-to-be withdrawn attorney would be filing a notice of appeal on his behalf, as that would have been incompatible with the attorney's express position that there were no non-frivolous issues justifying the pursuit of PCRA relief.

This case must therefore be remanded so that the PCRA court may fully advise Appellant of his right to appellate PCRA counsel. If Appellant chooses to avail himself of that right, newly appointed counsel may either advocate the merits of Appellant's PCRA claims on appeal or seek to withdraw upon a

finding that there are "no non-frivolous issues justifying the pursuit of post-conviction collateral relief." ***Karanicolas***, 836 A.2d at 947 (internal quotations and citations omitted).

New PCRA appellate counsel, if appointed, shall have 30 days from the date of appointment to file either a brief or a ***Turner/Finley*** no-merit letter with this Court; the Commonwealth shall then have 30 days to file a responsive brief if the Commonwealth so desires. In the event that Appellant declines the appointment of appellate PCRA counsel, no further briefing will be necessary.

Case remanded for further proceedings consistent with this memorandum. Jurisdiction retained.